## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **KAREN BROSTEK,** *Plaintiff,* v. **CLARITY SERVICES, INC.,** *Defendants.* | Case Number: **Jury Trial Demanded** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Karen Brostek** ("**Ms. Brostek**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc.** ("**Clarity**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Brostek against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Clarity is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and Fla. Stat. § 48.193.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by the Defendants within Pasco County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Brostek

5. **Ms. Brostek** is a natural person residing in Hudson, Pasco County, Florida.

6. Ms. Brostek is a *Consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

### Clarity

7. **Clarity** is a Delaware corporation with a principal business address of **475 Anton Blvd., Costa Mesa, CA 92626**.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324**.

9. Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

# FACTUAL ALLEGATIONS

## Clarity Produces Clearly Erroneous Report on Plaintiff

10. Ms. Brostek was born in 1954 and is a resident of Pasco County, Florida.

11. Around November 2017, Clarity began maintaining a credit file on Ms. Brostek.

12. Sometime thereafter, Clarity incorporated credit information belonging to two separate unrelated consumers into Ms. Brostek's credit file.

13. Clarity falsely associated information apparently belonging to Ebony Thomas, born in November 1987 and living in South Carolina, with Ms. Brostek.

14. Clarity also falsely associated information apparently belonging to Jennifer Feagin, born in May 1974 and living in Pompano Beach, Florida, with Ms. Brostek.

15. Clarity's credit file on Ms. Brostek includes false names, dates of birth, addresses, phone numbers, drivers' license numbers, bank account information, employers, housing statuses, and email addresses. **SEE PLAINTIFF'S EXHIBIT A.**

16. None of this information is remotely accurate, and it clearly – and obviously – belongs to other individuals than Ms. Brostek.

17. On information and belief, all of the information which has been falsely included in Ms. Brostek's credit file belongs to two individuals – Ebony Thomas and Jennifer Feagin.

18. Ms. Brostek has never applied for credit using the names "Ebony Thomas," "Jennifer Feagin," or any name other than her own legal name.

19. Likewise, Ms. Brostek has never claimed to have been born in 1974 or 1987 or to have lived in South Carolina or Pompano Beach, Florida.

20. On information and belief, Clarity's file on Ms. Brostek is a textbook example of a "mixed file" – a credit file which contains information concerning two or more persons rather than the individual about whom it was requested.

21. The mixed file resulted from Clarity's reckless and improper methods by which they connect data reported to it by various furnishers to its internal files.

22. In an aggressive attempt to match every record reported, Clarity's automated systems often erroneously match information to a consumer's credit file with minimal commonalities – even if the data from Clarity's furnishers of information contains a substantially different name, date of birth, and Social Security number than the target consumer's.

23. Clarity, as a CRA, has a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports. 15 U.S.C. § 1681e(b).

24. Despite this, Clarity sold reports to potential creditors of Ms. Brostek, claiming she had applied for credit in the past using the names Ebony Thomas and Jennifer Feagin, when she was seeking various forms of consumer credit.

25. Clarity failed to use reasonable procedures in producing the consumer reports regarding Ms. Brostek sold to these lenders, as any reasonable procedure would

have determined that Clarity's information concerned unrelated individuals mixed with Ms. Brostek's data.

26. On information and belief, Clarity also sold reports to potential creditors of Ebony Thomas and Jennifer Feagin that included Ms. Brostek's personal and highly private information.

27. Clarity is aware that its automated systems often erroneously match tradeline information to a consumer's credit file with minimal commonalities – even if the tradeline data contains a substantially different name, date of birth and Social Security number than the target consumer's.

28. Despite such knowledge, Clarity has yet to change its systems, which often match a consumer's data with the information in its files based on one data point, such as a Social Security number, instead of utilizing all of the information provided to it by an applicant.

29. Clarity could reasonably foresee that selling reports which contained numerous pieces of data belonging to unrelated individuals would cause significant harm to Ms. Brostek.

30. Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report is created and for others (*e.g.*, Ebony Thomas and Jennifer Feagin) whose information is thereby improperly disclosed.

31. Clarity thus acted willfully, or in the alternative, with gross recklessness.

32. In August 2022, Plaintiff obtained a consumer disclosure from Clarity.

33. Upon learning that Clarity was including information belonging to unrelated consumers on her reports, Ms. Brostek became very upset, panicked, and concerned.

34. Ms. Brostek has also suffered damage to her reputation and spent time and money to correct her file and force the Defendant to comply with its statutory obligations, and has spent time and money in procuring counsel.

35. Ms. Brostek has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

### COUNT I
### VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

36. Ms. Brostek adopts and incorporates paragraphs 1 - 35 as if fully stated herein.

37. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of a consumer report by matching and including information concerning other consumers, Ebony Thomas and Jennifer Feagin, on reports sold concerning Ms. Brostek.

38. Clarity's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

39. Clarity is thus liable to Ms. Brostek, pursuant to 15 U.S.C. §1681n, for the greater of Ms. Brostek's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

40. Alternatively, Clarity acted negligently and is thus liable to Ms. Brostek, pursuant to 15 U.S.C. § 1681o, for Ms. Brostek's actual damages, reasonable attorneys' fees, and costs.

## COUNT II
## VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g(a)(2)

41. Ms. Brostek adopts and incorporates paragraphs 1 - 35 as if fully stated herein.

42. Clarity violated **15 U.S.C. § 1681g(a)(2)** when responding to Ms. Brostek's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Brostek, a consumer, the sources of information relied upon concerning information in her credit file, *e.g.*, that she was also known as Ebony Thomas and Jennifer Feagin, two unrelated consumers.

43. Clarity knowingly provided inaccurate and incomplete information in Ms. Brostek's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

44. Clarity's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

45. Clarity is thus liable to Ms. Brostek, pursuant to 15 U.S.C. §1681n, for the greater of Ms. Brostek's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

46. Alternatively, Clarity acted negligently and is thus liable to Ms. Brostek, pursuant to 15 U.S.C. § 1681o, for Ms. Brostek' actual damages, reasonable attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Ms. Brostek respectfully requests this Honorable Court enter judgment in her favor, and against Clarity, for:

a. The greater of Ms. Brostek's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Brostek's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper

## JURY TRIAL DEMANDED

Ms. Brostek hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **November 4, 2022**, by:

**SERAPH LEGAL, P. A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@SeraphLegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@SeraphLegal.com

1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Plaintiff's Clarity Consumer Disclosure, August 28, 2022 – Excerpt